# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2023

Lyle W. Cayce
Clerk

No. 21-40922

James Morrow; Stephen Stuart Watson; Amanee Busby;
Yuselff Dismukes; Linda Dorman; Marvin Pearson;
Jennifer Boatwright; Ronald Henderson; Javier Flores;
William Flores,

*Plaintiffs—Appellants*,

*versus*

Michael Baker, City of Tenaha Mayor, in His Official
Capacity,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:08-CV-288

Before Smith, Barksdale, and Haynes, *Circuit Judges*.

Per Curiam:*

At issue is whether the district court erred in this settled class-action by denying the last of four interim motions for attorney's fees as untimely, based on an oral pronouncement by the court during a non-transcribed,

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

unrecorded status conference which purported to set a deadline to file the motion. Because this oral pronouncement was insufficient to set the deadline, we VACATE and REMAND.

## I.

This 2008 class action against various officials of the City of Tenaha and Shelby County, Texas, claimed Fourth and Fourteenth Amendment violations by law enforcement. The parties' settlement agreement included a consent decree, which required defendants to implement specific policies and follow monitoring procedures, with a court-appointed monitor to oversee defendants' compliance with those procedures. The decree's effective term of four years could be modified by the court upon motion by a party.

The decree provided defendants would pay plaintiffs' attorney's fees "as previously agreed to by the parties", which referred to a 15 June 2012 mediation proposal. Pursuant to that proposal, the parties: settled on fees already incurred; and stipulated plaintiffs' counsel anticipated future fees which "remain[ed] billable and/or subject to determination by the Court". An August 2013 order approved the consent decree.

Relying on defendants' agreement to pay attorney's fees and 42 U.S.C. § 1988 (allowing court to award attorney's fees to prevailing party in certain civil-rights proceedings), plaintiffs moved in September 2016 for those fees related to monitoring defendants' compliance with the consent decree, for 10 September 2013–31 August 2016 (first fees motion). The court granted the motion 15 November 2017, concluding plaintiffs were the "prevailing party" under § 1988.

The decree was extended in January 2019 for an additional term of 18 months, to expire around 24 July 2020. (During a July 2020 conference, discussed *infra*, the court and parties expressed confusion over the exact date

No. 21-40922

of the additional term's expiration. The amended settlement agreement proposing the additional term provided it would "remain in effect for eighteen (18) months from the date of entry of the [o]rder entering" the amended decree. The order approving the amended decree was entered 24 January 2019, and 18 months commencing from that date would result in the above stated 24 July 2020 expiration.).

Plaintiffs in October 2019 filed another interim motion for attorney's fees, for 1 September 2016–30 April 2019 (second fees motion). Another was filed in May 2020, for 1 May 2019–31 March 2020 (third fees motion).

A 24 June 2020 docket entry captioned "Status Conference (Hearing re Pending Motions and Consent Decree)" reflected a notice for a hearing on 21 July 2020 (the July 2020 conference). Just before that conference, plaintiffs on 17 July moved for a second additional term for the decree, with its length to be decided by the court at a later date.

During the July 2020 conference, the court stated:

> Somewhere in around April of this year, I recall *indicating* to you in a conference in chambers that I *anticipated* having a hearing on any and all matters that were still alive in this case before the expiration of the current extension of the consent decree, and that if the plaintiffs intended to seek an extension of the consent decree, they needed to proceed to take all reasonable steps to do that.

(Emphasis added.)

The court further stated it would "withhold ruling [on the proposed second additional term] until all [of] the [consent decree's] notice requirements . . . [had] been met and complied with".

Regarding the court's above reference to a conference in chambers "around April of this year", the docket reflects an "In Chambers Telephonic

3

No. 21-40922

Status Conference" was held 14 April 2020. The conference, however, was not recorded or transcribed, and no orders were entered regarding what was discussed or decided.

Approximately two months after the July 2020 conference, the court entered two orders on 15 September 2020 (the September 2020 orders): one denied the proposed second additional term; the other granted, as modified, the second and third fees motions. The order denying a second additional term referred to the July 2020 conference as the "Final Hearing" and stated "the parties [were put] on notice that any motions would need to be timely filed before the Final Hearing at least as early as the telephonic status conference held April 14, 2020". But, the order granting, as modified, the second and third fees motions referred to the July 2020 conference as a "Status Conference".

Subsequent to the July 2020 conference, plaintiffs and the county— but not the city—defendants reached a settlement on outstanding fees; on 14 October 2020 plaintiffs moved to dismiss those defendants. This motion prompted the court to schedule another status conference for 9 December 2020 (the December 2020 conference).

During the December 2020 conference, the court stated: "[t]his is a case that has run its course and has been concluded and is closed and over"; and it had "awarded fees that would be through the close of all activity in the account". The court made several other references regarding the case's being closed, but also acknowledged several times it still needed to "direct[] the clerk to close the case" and was refraining from doing so "until [the parties] put the last nail in the coffin on [the] fee issue".

Ultimately, the court did not consider it necessary to dismiss the county defendants. It viewed the class action to be "in the same posture as if the litigation [had] been reduced to a judgment and . . . the judgment [was]

No. 21-40922

being satisfied". Therefore, the court felt it would be "highly awkward, . . . if not outright inappropriate for there to be an order of dismissal entered" because there was "nothing left to dismiss". Instead, plaintiffs were directed to file a notice advising the court that county defendants were released from their fee obligations. The court stated, that, upon such filing, "between the County Defendants and the Plaintiffs, the case [would be] over with".

Plaintiffs on 17 March 2021 moved for additional attorney's fees, to be paid by the city, for 1 April 2020–31 December 2020 (fourth fees motion). Following the court's granting an extension to do so, defendants filed a response in opposition. The fourth fees motion was denied 12 April 2021 by a two-sentence order.

Plaintiffs on 15 April 2021 moved to amend that order, seeking findings of fact and conclusions of law on which the fourth fees motion was denied and otherwise continuing in general to contest the denial of that motion. The court on 24 November 2021 denied the motion to amend as moot, but in doing so, stated the fourth fees motion was untimely because "the Court put the parties on clear notice that any motion" needed to be "timely filed before" the July 2020 conference.

Plaintiffs filed a notice of appeal on 20 December 2021, from the 12 April 2021 and 24 November 2021 orders denying the fourth fees motion.

## II.

Plaintiffs claim the court violated the Federal Rules of Civil Procedure and procedural due-process by denying their fourth fees motion as untimely, without setting a deadline in a written order.

### A.

"Jurisdiction is always first." *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021) (citation omitted). Jurisdiction *vel non* is, of course, a

No. 21-40922

question of law. *E.g.*, *Gulfport Energy Corp. v. FERC*, 41 F.4th 667, 676 (5th Cir. 2022).

Plaintiffs' opening brief presents three grounds for our having jurisdiction. First, the ruling on their fourth fees motion is a reviewable interlocutory order under the collateral-order doctrine. Second, if the court's denying that motion finally resolved all issues regarding attorney's fees, jurisdiction exists under 28 U.S.C. § 1291. Finally, if the orders appealed from are deemed a final judgment, § 1291 likewise grants us jurisdiction.

The city (the sole remaining defendant) presents the following response in claiming we lack jurisdiction. The 15 September 2020 orders were the court's final judgment, disposing of all claims against all parties. As a result, plaintiffs had 28 days under Federal Rule of Civil Procedure 59(e) to move to amend the fee award. Or, had they wished instead to appeal the orders, they had 30 days, under Federal Rule of Appellate Procedure 4(a). Because they did neither, the district court lacked jurisdiction to rule on the 17 March 2021 fourth fees motion and the subsequent motion to amend; therefore, the 20 December 2021 notice of appeal was untimely.

In reply, plaintiffs contend as follows. First, attorney's fees are a collateral issue, which the district court retains jurisdiction over after a final decision on the merits; therefore, it had jurisdiction to rule on their fourth fees motion even if the 15 September 2020 orders were the final judgment. Second, those orders cannot be considered the final judgment because the parties were not put on notice that the July 2020 conference would be treated as a final hearing. In either event, this appeal was timely.

"A final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (citation omitted). "The

intention of the judge is crucial in determining finality." *Vaughn v. Mobil Oil Expl. & Producing Se., Inc.*, 891 F.2d 1195, 1197 (5th Cir. 1990). Along that line, a decision "is only final if the judge intends to have nothing further to do . . . [with] the case". *Ueckert v. Guerra*, 38 F.4th 446, 450 (5th Cir. 2022); *see also Vaughn*, 891 F.2d at 1197 ("[W]e are inclined to fasten finality upon a judgment that reflects the intention of the judge to dispose of all the business before him".).

The 15 September 2020 order regarding the second and third fees motions addressed only those two motions, together covering 1 September 2016–31 March 2020. As stated *supra*, the additional term of the decree was to expire in late July 2020. Neither of the September 2020 orders stated no further relief would be granted, nor did they direct the clerk to close the case. (The November 2021 order denying the 15 April 2021 motion to amend— the court's last order—did both.) Therefore, there had not been a ruling regarding fees for April 2020 through the late July 2020 expiration of the decree. This is inconsistent with the notion that the court intended to "dispose of all the business before [it]". *Vaughn*, 891 F.2d at 1197.

Moreover, in *McLaughlin v. Mississippi Power Company*, our court held: although the district court's "order did purport to dismiss the entire case", the court did not "evince an intent to end the litigation by its order" because it "did not close the case or direct the clerk to enter judgment" and "continued to exercise jurisdiction over the case" by issuing two additional orders. 376 F.3d 344, 351 (5th Cir. 2004). Similarly, the court: in its September 2020 orders did not direct the clerk to close the case; and continued to exercise jurisdiction over the case by ruling on motions and holding the December 2020 conference. At no point did the court consider itself without jurisdiction. "Accordingly, we conclude that the district court did not intend for its [September 2020 orders] to be a final judgment." *Id.*

As a result, our court has jurisdiction over this appeal. The 30-day period to appeal did not begin to run until 24 November 2021, when the court entered its order denying the timely 15 April 2021 motion to amend the 12 April order denying the fourth fees motion. *See* Fed. R. App. P. 4 (time to appeal). The notice of appeal was timely filed 20 December 2021. (Needless to say, plaintiffs' timely filed motion to amend tolled the time to appeal the 12 April 2021 order denying the fourth fees motion. *E.g.*, *Moody Nat'l Bank v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 250 (5th Cir. 2004).)

## B.

Rulings on attorney's fees are reviewed for abuse of discretion. *E.g.*, *Davis v. Abbott*, 781 F.3d 207, 213 (5th Cir. 2015). "To constitute an abuse of discretion, the district court's decision must be either premised on an erroneous application of the law, or on an assessment of the evidence that is clearly erroneous." *In re High Sulfur Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) (citation omitted).

### 1.

"Unless a statute or a court order provides otherwise", Rule 54 generally requires motions for attorney's fees to be filed within "14 days after the entry of judgment". Fed. R. Civ. P. 54(d)(2)(B). Rule 23, however, applies in class actions when attorney's fees "are authorized by law or by the parties' agreement". Fed. R. Civ. P. 23(h). (With the court's concluding plaintiffs were the prevailing party under 42 U.S.C. § 1988, the former applies.) Under Rule 23(h), "[a] claim for an award must be made by motion under Rule 54(d)(2), *subject to the provisions of this subdivision (h), at a time the court sets*". *Id.* (emphasis added).

Rule 23's cross reference to Rule 54's being "subject to the provisions" of Rule 23(h) results in its trumping Rule 54(d)(2) to the extent

there are inconsistencies. Therefore, in those circumstances, attorney's-fees motions must be filed "at a time the court sets". *Id.* Logically, this directs the court to set such a time.

The Advisory Committee's Notes to Rule 23 support this interpretation. For instance, the notes provide that Rule 54 "is not addressed to the particular concerns of class actions. . . . [Therefore] the provisions of [Rule 23(h)] control disposition of fee motions in class actions, while Rule 54(d)(2) applies to matters not addressed in [Rule 23(h)]". Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendment. Additionally, "[t]he court should direct when the fee motion must be filed". *Id.*; *see also* Manual for Complex Litigation § 21.721 (4th ed. 2004) ("Rule 23(h)(1) calls for the court to fix a time for submission of motions for attorney fees in class actions.").

In any event, even if the court is not required to set a deadline, fees motions are timely under Rule 54 if filed within 14 days following entry of judgment, absent a court order or statute dictating otherwise. As discussed above, the court had not entered its final judgment before plaintiffs filed their fourth fees motion.

Whether Rules 23, 54, and 79 together, as plaintiffs maintain, require a deadline for fees motions in class actions to be entered in a written order need not be decided in this appeal. *See* Fed. R. Civ. P. 79 (requiring clerk to enter in docket, and keep copies of, court's orders). It is enough that, whatever Rule 23 requires, it was not satisfied in this instance.

This unusual procedural dilemma—the court's denying a motion as untimely based on a purported court-set deadline completely absent from the record—appears to be unprecedented in any circuit. Nonetheless, as discussed below, and as stressed by courts, commentators, and the Advisory

Committee's Notes, Rule 23 is rooted in the need for active judicial oversight of class actions.

"Rule 23 imposes on the trial judge the duty of assuring that . . . the pleading and trial of the case is conducted fairly and efficiently". *Bernard v. Gulf Oil Co.*, 596 F.2d 1249, 1259 (5th Cir. 1979), *on reh'g*, 619 F.2d 459 (5th Cir. 1980), *aff'd*, 452 U.S. 89 (1981). Additionally, as stated by the Court, "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action". *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).

Commentators further elaborate on this principle of judicial oversight. "Because the stakes and scope of class action litigation can be great, class actions often require closer judicial oversight and more active judicial management than other types of litigation." Manual for Complex Litigation § 21. "Indeed, the success or failure of a class action . . . turns in large part on the judge's management of the case". 3 Newberg and Rubenstein on Class Actions § 10:1 (6th ed.); *see also* 7B Charles Alan Wright et al., Federal Practice and Procedure § 1791 (3d ed.) ("Because class actions tend to be extremely complicated and protracted, their management and disposition frequently require the exercise of considerable judicial control and ingenuity in the framing of orders.").

In particular, "[f]ee awards are a powerful influence on the way attorneys initiate, develop, and conclude class actions". Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendment. Consequently, "[a]ctive judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process"; therefore, "the district court must ensure that the amount and mode of payment of attorney fees are fair and proper". *Id.*

These principles aid our interpretation. *See, e.g.*, *Gulf Oil Co.*, 452 U.S. at 99 ("[T]he question for decision is whether the [district court's order] is consistent with the general policies embodied in Rule 23".). For example, in *In re High Sulfur*, our court held the district court violated Rule 23 by using "flawed fee allocation procedures that [were] inconsistent with well-established class action principles and basic judicial standards of transparency and fairness". 517 F.3d at 227. Specifically, the district court's "decision to convene an ex parte hearing was plainly unauthorized" because Rule 23 requires that "when a judge constructs a process for setting fees, the process must contain at least the procedural minima of due process". *Id.* at 231 (citation omitted).

Likewise, the district court's procedures in this instance were "flawed". *Id.* at 227. Even assuming it did inform the parties during the April 2020 telephonic conference that, during the July 2020 conference, it would hear "any and all matters that were still alive", this instruction is too ambiguous to satisfy the court's burden to manage class actions closely. It would be unfair to expect the parties to understand this instruction served to either "set a time" for fees motions or otherwise displace the 14-day following-entry-of-judgment deadline. *See* Fed. R. Civ P. 23(h) (file fees motions at a time court sets); Fed. R. Civ P. 54(d) (14 days to file absent statute or court order setting other time); *cf. Dennis v. Kellogg Co.*, 628 F. App'x 510, 510 (9th Cir. 2016) (affirming denial of fees motion in class action as untimely where filed late "[d]espite a *clear* court order" setting deadline (emphasis added)).

Particularly troubling, as discussed *supra*, the consent decree was not set to expire until after the July 2020 conference, with a motion to extend it pending. It would be illogical to construe the court's April 2020 telephonic conference instructions as requiring plaintiffs to somehow estimate fees they had yet to incur (for potentially an unknown period because of the possibility

of the second additional term's being granted, which was proposed just before the July 2020 conference). The earlier-discussed 24 June 2020 docket entry, regarding notice of the 21 July "Status Conference", does nothing to rectify this ambiguity because it referred only to a "Hearing re Pending Motions and Consent Decree". Accordingly, the court erred by denying as untimely the last of four interim fees motions.

2.

Because we vacate on the above basis, we need not address plaintiffs' due-process issue. *E.g.*, *United States v. Pruett*, 551 F.2d 1365, 1368 (5th Cir. 1977).

3.

Finally, the city contends, for the first time on appeal, that plaintiffs' request for additional fees is barred by issue preclusion because they could have made the request with reasonable diligence before the July 2020 conference. Even if this contention is not waived, it is unfounded, as none of the requirements for issue preclusion are satisfied. Plaintiffs' fourth fees motion does not concern an issue from a "prior action"; and fees for the period covered by that motion were not "previously adjudicated", "actually litigated", or "necessary to" decide the September 2020 orders, concerning, *inter alia*, the second and third fees motions. *Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 548 (5th Cir. 2013).

III.

For the foregoing reasons, we VACATE the 12 April 2021 and 24 November 2021 orders and REMAND for further proceedings consistent with this opinion.