**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6461**

---

THOMAS MOYLER, JR., a/k/a Shiek Thomas Moyler-Bey,

Petitioner - Appellant,

v.

GEORGE SCHAFFER, III, Clerk,

Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:25-cv-00554-LMB-WBP)

---

Submitted:  November 20, 2025                    Decided:  November 25, 2025

---

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Thomas Moyler, Jr., Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Moyler, Jr., seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition as an unauthorized, successive § 2254 petition.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Moyler has not made the requisite showing. Accordingly, we deny as moot Moyler's motion for bond, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Parties in a civil case must file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, the district court did not enter "a separate document" after dismissing Moyler's § 2254 petition. *See* Fed. R. Civ. P. 58(a) ("Every judgment . . . must be set out in a separate document."). Accordingly, Moyler's appeal, which was filed more than 30 days but less than two months after the district court entered the appealed-from order, is timely. *See Quinn v. Haynes*, 234 F.3d 837, 843 (4th Cir. 2000); *see also Ueckert v. Guerra*, 38 F.4th 446, 453 (5th Cir. 2022) ("[P]arties have a 180-day window to file a notice of appeal if the district court [did not] enter . . . a separate document.").