# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2026

Lyle W. Cayce
Clerk

No. 25-20362

Robert Prosper,

*Plaintiff—Appellant*,

*versus*

Harris County; City of Houston; C. M. Blackburn,
*Individual capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-2550

Before Richman, Southwick, and Willett, *Circuit Judges*.
Per Curiam:[*]

Robert Prosper appeals the district court's dismissal of his 42 U.S.C. § 1983 and Texas state law claims against Harris County, the City of Houston, and Officer C.M. Blackburn. We affirm.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20362

## I

A timely notice of appeal is mandatory and jurisdictional.[1]  In the ordinary civil case, "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."[2]  However, Rule 58 "is unequivocal: 'Every judgment and amended judgment must be set out in a separate document.'"[3]  The rule has exceptions, none of which are relevant here.  When the district court does not set out its judgment in a separate document, Rule 4(a)(7) and Rule 58 provide that the judgment is not deemed entered until 150 days from its entry in the civil docket.[4]  Only then does the 30-day period to file a notice of appeal begin to run.[5]  The effect of a district court's non-compliance with Rule 58 is to extend the time to enter a notice of appeal from the ordinary 30 days to a generous 180 days.[6]

In this case, the district court entered an order disposing of all Prosper's claims on June 23.  The district court did not set out its judgment in a separate document.  That the June 23 order was final and otherwise appealable does not excuse the district court from Rule 58's separate document requirement.[7]  "As we have previously stated, '[f]inality of a

---

[1] *Bowles v. Russell*, 551 U.S. 205, 207 (2007).

[2] Fed. R. App. P. 4(a)(1)(A).

[3] *United States v. Mtaza*, 849 F. App'x 463, 466 (5th Cir. 2021); *see* Fed. R. Civ. P. 58(a).

[4] *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 335 (5th Cir. 2004).

[5] *Id.*

[6] *See Ueckert v. Guerra*, 38 F.4th 446, 453 ("In sum, then, parties have a 180-day window to file a notice of appeal if the district court neglected to enter the judgment in a separate document."); *cf. id.* at 453 n.33 (noting that before the 2002 amendment to Rule 4(a), time to file an appeal was infinite if the district court failed to enter judgment on a separate document).

[7] *Mtaza*, 849 F. App'x at 466.

judgment, appealability of a judgment, and the separate document requirement are different concepts, but are often confused.'"[8]

Prosper's notice of appeal was entered 64 days after the district court's order dismissing his claims. It was therefore timely, and this court has jurisdiction. We now address whether the district court properly dismissed Prosper's claims.

## II

Prosper received a gunshot wound and subsequently drove himself to the hospital. At the hospital, he put his firearm in the glove compartment of his vehicle. He awoke from surgery to find that he was handcuffed to his bed. An officer informed him that he was under arrest for being a felon in possession of a firearm. The officer had apparently misread Prosper's criminal record, leading the officer to believe that he had a felony conviction and was thus ineligible to carry a firearm. Prosper spent several days handcuffed to a hospital bed while charged with the misdemeanor of unlawfully possessing a weapon.

Ultimately, the Harris County District Attorney dismissed the charge for insufficient evidence. In the meantime, however, Prosper's firearm was seized, and he had to pay $560 to get retrieve his impounded vehicle. He sued Harris County and the City of Houston in state court, asserting federal constitutional claims under 42 U.S.C. § 1983 and state tort claims. These defendants removed the case to federal court. Prosper's complaint also named C.M. Blackburn as a defendant in his individual capacity.

---

[8] *Freudensprung.,* 379 F.3d at 336 (quoting *Theriot v. ASW Well Serv. Inc.*, 951 F.2d 84, 87-88 (5th Cir. 1992)).

No. 25-20362

The district court dismissed Prosper's complaint in full. It dismissed his claim against Officer Blackburn for failure to effect service, and his claims against the City and County for failure to state a claim. The district court dismissed Prosper's intentional tort state law claims because of defendants' governmental immunity and his ADA claim for failure to state a claim. On appeal, Prosper argues that in light of his post-traumatic stress disorder, the district court should have allowed him more time to serve Officer Blackburn. He also argues that he sufficiently pleaded an individual-capacity claim against Officer Blackburn, that he sufficiently pleaded his § 1983 claims against Harris County and the City of Houston, that his complaint adequately stated a claim under the ADA, and that he sufficiently pleaded his failure to protect claim.

**A**

We need not address whether Prosper should have been allowed additional time to serve Officer Blackburn, because his amended complaint fails to state a claim against Officer Blackburn. It contains no well-pleaded factual allegations regarding Officer Blackburn; he is mentioned by name only in the caption. Prosper's complaint alleges that he was "handcuffed to the hospital [bed] by different officers [f]rom the Houston Police Department and Harris County Sheriffs Department." At various points in his complaint, he refers to "the officer," but at each point it is unclear *which* officer he is alleging has wronged him. As pled, this complaint falls short of "contain[ing] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"[9] against Officer Blackburn.

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009)).

No. 25-20362

**B**

We turn to Prosper's § 1983 claims against Harris County and the City of Houston. We review de novo a district court's dismissal of a complaint under Rule 12(b)(6).[10] "To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'"[11] "Proof of municipal liability sufficient to satisfy *Monell* requires: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)."[12]

Prosper describes the relevant policy as a "decision by the local government [t]o delegate it's police departments final decision making authority to the Harris county District Attorney's office with regard to [whether to effect] an arrest or not is the moving force behind the Arrest where there's clearly an issue with probable cause or a lack of evidence to support the Charge." He also alleges that a law review article[13] supports his position that "this Policy does not work and there were many flaws [a]nd that it shouldn't be used by the police department or Harris County prosecutors."

A local government's policy of consulting a prosecutor before effectuating a warrantless arrest is facially lawful. It is therefore among that

---

[10] *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

[11] *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

[12] *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

[13] Adam Gershowitz, *Justice on the Line: Prosecutorial Screening Before Arrest*, 2019 U. Ill. L. Rev. 833 (2019).

5

class of *Monell* "[c]laims not involving an allegation that the municipal action itself violated federal law, or directed or authorized the deprivation of federal rights, present[ing] much more difficult problems of proof."[14] "[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences."[15]

We assume without deciding that the officers' scrutiny of Prosper's record before making the decision to arrest was, at best, cursory. "For purposes of a legal inquiry into municipal liability under § 1983, however, that is not the *relevant* 'indifference.' A plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision."[16] Nothing in Prosper's complaint suggests that either the City of Houston or Harris County were deliberately indifferent to the risk that a particular constitutional violation would result from their policy of consulting a prosecutor before effectuating a warrantless arrest. His pleadings do not "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true."[17] Dismissal was appropriate.

## C

Prosper's ADA claim was also appropriately dismissed. "A necessary prerequisite to a successful claim under Title II is that a disabled person be denied the benefits of a service, program or activity by the public entity that

---

[14] *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 406 (1997).

[15] *Id.* at 407 (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)).

[16] *Id.* at 411.

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

provides such service, program or activity."[18]  Prosper's complaint does not identify any service, program, or activity which he was denied.

## D

Prosper's failure to protect claim was appropriately dismissed.  A local government's duty under the Due Process Clause to protect an individual from private violence arises in limited circumstances: "when the state has a special relationship with the person."[19]  Prosper's allegation that he reported a threat to his life to the police a week before he was shot does not establish a special relationship.  Our court has not recognized a state-created-danger theory, and in any event, the complaint does not plausibly allege that the state created the danger to which Prosper was exposed.

## III

Prosper's state law malicious prosecution, false arrest, and defamation claims were appropriately dismissed.  While the Texas Tort Claims Act creates a limited waiver of sovereign or governmental immunity, that waiver "does not apply to claims arising out of an intentional tort."[20]  The district court correctly concluded that "governmental immunity from suit defeats a trial court's jurisdiction"[21] and dismissed the state intentional tort claims without prejudice.

\*    \*    \*

We AFFIRM.

---

[18] *Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000).

[19] *Piotrowski v. City of Houston*, 237 F.3d 567, 584 (5th Cir. 2001).

[20] *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009); *see also* TEX. CIV. PRAC. & REM. CODE § 101.057(2).

[21] *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013).