IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-50756

RAUL MEZA

Plaintiff - Appellee

v.

BRAD LIVINGSTON, Executive director of the Texas Department of
Criminal Justice, in his official capacity; STUART JENKINS, director of the
Texas Department of Criminal Justice Parole Division, in his official capacity

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Raul Meza, an inmate on supervised release at the Texas County
Correctional Complex, filed Fourteenth Amendment claims against state
officials[1] and the Sheriff of Travis County on December 5, 2005. Eleventh
Amendment immunity was asserted in several motions, including a motion to
dismiss on May 22, 2006, and a motion to dismiss and alternative motion for
Rule 7(a) reply filed by Collier, Jenkins' predecessor, on June 27, 2006. The

---

[1] The original complaint named the former director of the Texas Department of
Criminal Justice Parole Division, Brian Collier.

district court referred these motions to a magistrate judge for recommendation or resolution on June 30, 2006. The magistrate judge issued a report and recommendation on August 28, 2006, stating, "Plaintiff's claims for injunctive relief . . . should not be dismissed, as they are cognizable under Ex Parte Young." On December 6, 2006, the district court accepted the recommendations, granting Defendants' first motion to dismiss with respect to Meza's monetary claims against Livingston and Collier in their official capacity and denying Defendants' motion with respect to prospective injunctive relief. For Collier's motion to dismiss and motion for a Rule 7(a) reply, the court denied the motion to dismiss but granted Collier's motion for a Rule 7(a) reply,[2] ordering Meza to reply and describe Collier's personal involvement in the alleged unconstitutional acts. Meza replied.

On June 30, 2006, Meza filed an amended complaint. Livingston and Collier filed a second motion to dismiss on February 7, 2007, again raising Eleventh Amendment immunity claims. Livingston and Collier then submitted a joint motion for summary judgment on March 14, 2007. The court found that the summary judgment arguments were "duplicative of those contained" in the pending second motions to dismiss and concluded, "The Court will therefore dismiss Livingston and Collier's motions to dismiss and will consider Livingston and Collier's arguments as submitted in their pending motions for summary judgment." In this same order, the court referred the motions for summary judgment to the magistrate judge on May 1, 2007.

Defendants filed two motions to stay the pretrial conference hearing and trial setting with the district court and an emergency motion to stay with this court, which we denied. On June 26, 2007, the district court held the final pretrial hearing and stated,

---

[2] This was of course in the context of qualified immunity.

These [immunity] motions, I believe, were filed on March the 14th and referred to [the] Magistrate Judge . . . who has them under advisement at this time, and, therefore, I will have them under advisement. . . .

I want the record to be very clear that I have never refused to rule on any of the immunity motions that are before me . . . . Those motions remain pending in front of me and you are not faced with a refusal to rule.

When the district court held its final pretrial hearing, the magistrate had not yet issued a report on the Eleventh Amendment claims raised in Defendants' motion for summary judgment.[3]   The Eleventh Amendment question with respect to summary judgment remained "under advisement."

On appeal, Defendants argue that by "failing" to rule on the issue, the district court has effectively refused to rule on immunity and that the refusal is an immediately appealable order under the collateral order doctrine.[4]  Meza argues that the appeal is an improper interlocutory appeal and that we do not have jurisdiction to review it, as the court has not denied their immunity claims on summary judgment, nor has it refused to rule.   He urges that Defendants could have appealed the district court's December 6, 2006, denial of their motion to dismiss – including the court's denial of their immunity claims – as a collateral order but failed to do so.  Meza similarly maintains that Defendants' summary judgment motion is essentially a motion to reconsider the district court's denial of plaintiffs' motion to dismiss and that an order denying a motion to reconsider is not appealable.  Furthermore, Meza maintains, the district court

---

[3]  The magistrate's last report was issued on June 5, 2007.  This report addressed other Defendants' claims, including Eleventh Amendment claims of Defendants Owens, Aliseda, Aycock, Davis, DeNoyelles, Garcia, and Gonzales, but not Livingston and Jenkins' claims of Eleventh Amendment immunity raised in their motion for summary judgment.

[4]  See Helton v. Clements, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam).

has not refused to rule on the issue but was simply awaiting the magistrate's report on the summary judgment motion when Defendants appealed.

We are persuaded that we lack jurisdiction to hear this appeal. Instead of appealing the district court's December 6, 2006, denial of Defendants' motion to dismiss, which included Eleventh Amendment immunity claims,[5] Defendants appeal the district court's failure to address their Eleventh Amendment claims in a motion for summary judgment that was being considered by the magistrate judge when Defendants appealed. This is an unreviewable interlocutory appeal.

"The denial of a summary judgment is generally not a final, appealable order."[6] A district court's failure to rule on a summary judgment motion while awaiting a magistrate judge's report and recommendation on that motion is similarly unreviewable. Here, although the initial briefing on the summary judgment motion was completed as of May 11, 2007, the magistrate ordered additional briefing, and Defendants appealed before the district court could receive the magistrate's report.

"'[U]nder the collateral order doctrine, a small class of interlocutory orders that (1) conclusively determine ["the defendant's claim of right not to stand trial"][7], (2) important issues, which are separate from the merits of the action, and (3) which would be effectively unreviewable on appeal from a final judgment, are deemed 'final' for purposes of appeal.'"[8] In at least one case, we have held that a district court's refusal to rule on a motion to dismiss containing

---

[5] We are not persuaded by Meza's arguments that Defendants' failure to appeal the denial of their motion to dismiss resulted in a waiver of their immunity claims or that their motion for summary judgment was by necessity a motion to reconsider. We simply note that the court ruled on the Eleventh Amendment immunity issue in denying Defendants' motion to dismiss with respect to Meza's claims for prospective injunctive relief.

[6] Reyes v. City of Richmond, Tex., 287 F.3d 346, 350 (5th Cir. 2002).

[7] Helton, 787 F.2d at 1017 (quoting Mitchell v. Forsyth, 472 U.S. 511, 527 (1985)).

[8] Reyes, 287 F.3d at 350 (quoting Cantu v. Rocha, 77 F.3d 795, 802 (5th Cir.1996)).

claims of absolute and qualified immunity constituted a final order under the collateral order doctrine.[9] We are not persuaded that this case falls under Helton's narrow holding. Unlike in Helton, the district court ruled on defendants' motion to dismiss, denying their Eleventh Amendment immunity claims with the exception of immunity from Meza's claims involving monetary damages, a ruling that Defendants do not appeal here. Although the district court has not yet ruled on Defendants' motion for summary judgment, it has not refused to rule on that motion, stating that it has it "under advisement." In Helton, in contrast, the district court made it clear that it would not rule on further immunity claims until trial, stating,

> [A]ll parties and attorneys are here notified that any further motions in this case will not be ruled upon by the court prior to trial but will be carried along with the trial of the case on the merits. This ruling applies to any pending motions . . . .[10]

Nor has the district court "failed" to rule on the motion. It referred the motion to the magistrate judge for a report and recommendations, and Defendants appealed before the court received the report, thus temporarily depriving that court of jurisdiction to grant or deny the motion.

Defendants urge that "[a]lthough this Court has not issued any further published opinions [after Helton] recognizing other instances where the refusal or failure to rule resulted in an immediately appealable order under the collateral order doctrine," other circuits have. In those cases, the district court either refused to rule, failed to explain its reasons for delaying a ruling on qualified immunity until trial, or dismissed an immunity claim implicitly or in

---

[9] Helton, 787 F.2d at 1017.

[10] Id.

an oral ruling.[11]  We are not convinced that we should "extend" Helton to the facts of this case, as none of these circumstances apply here.

AFFIRMED.

---

[11] See, e.g., Parton v. Ashcroft, 16 F.3d 226, 227 (8th Cir. 1994) ("On the morning of trial the magistrate judge refused to rule on the motion for summary judgment on the ground of qualified immunity."); Workman v. Jordan, 958 F.2d 332, 334 (10th Cir. 1992) ("The district court, without explanation, postponed disposition of the qualified immunity issue until trial."); Id. at 336 n.5 ("Although the oral ruling may have lacked procedural formality for purposes of appeal, we allow the appeal from this ruling because there is no question as to its finality . . . ."); Craft v. Wipf, 810 F.2d 170, 172 (8th Cir. 1987) ("In its memorandum opinion, the District Court held only that it would not abstain from hearing the case. It is conceivable that it considered abstention to be the logical first step in deciding the various issues raised in defendants' motion for summary judgment, and that it intended to decide other issues, such as immunity, later.  This seems somewhat unlikely, however, given the court's reference to the plaintiffs' day in court and its direction for discovery to be completed in sixty days.").