# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30126

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2019

Lyle W. Cayce
Clerk

ANDREA ARMSTRONG, Executrix of the Estate of Glen Ford,

> Plaintiff–Appellee

v.

DON ASHLEY; GARY ALDERMAN; GARY PITTMAN; EVERETT T. RUSHING; BILLY LOCKWOOD, wrongly identified as Estate of Billy Lockwood; FRANK DATCHER; GLYNN MITCHELL; RODNEY PRICE,

> Defendants–Appellants

---

Appeal from the United States District Court
for the Western District of Louisiana

---

Before SMITH, DUNCAN, and ENGELHARDT, Circuit Judges.

KURT D. ENGELHARDT, Circuit Judge:

Glenn Ford was wrongly convicted of murder and spent 30 years in solitary confinement on death row before being fully exonerated, with all charges dropped. Ford sued the Defendants-Appellants[1] (as well as other defendants not included in this appeal), all of whom were law enforcement officials at the time of Ford's wrongful conviction, alleging suppression of

---

[1] Don Ashley, Gary Alderman, Gary Pittman, Everett T. Rushing, Billy Lockwood, Frank Datcher, Glynn Mitchell, and Rodney Price.

evidence, fabrication of witness statements, withholding of exculpatory evidence, and other violations.

Ford filed suit in March 2015. The operative First Amended Complaint was filed on September 8, 2015. Appellants answered the complaint on December 3, 2015, while other defendants in the initial lawsuit chose to instead move to dismiss under Federal Rule of Civil Procedure 12(b). Approximately three months later, on March 16, 2016, the Appellants filed a Rule 12(b)(6) motion to dismiss the case for failure to state a claim. Alternatively, they moved for the Appellee to add details to the allegations pursuant to Federal Rule of Civil Procedure 7(a).

The district court denied the Rule 12(b)(6) motion for being untimely on December 28, 2017.[2] The court also denied the alternative relief under Rule 7(a). The Appellants appealed the dismissal of the Rule 12(b)(6) motion on January 23, 2018.

## I.

The first, and determinative, issue is that of appellate jurisdiction. The case comes before this court on interlocutory appeal. In deference to the district court and to district judges' responsibility to manage trials, interlocutory appeals are only allowed in limited circumstances because they disrupt the progress of a trial. *Johnson v. Jones*, 515 U.S. 304, 309 (1995). Therefore, "interlocutory appeals–appeals before the end of district court proceedings–are the exception, not the rule." *Id.*

"[A] decision . . . is appealable if it falls within 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent

---

[2] In contrast, the district court ruled on the merits for the Rule 12(b)(6) motions filed in a timely manner by the other defendants.

of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Mitchell v. Forsyth*, 472 U.S. 511, 524–25 (1985) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). Accordingly, *Mitchell* held that "a district court's denial of a claim of qualified immunity, *to the extent that it turns on an issue of law*, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Id.* at 530 (emphasis added). For a decision to be considered final, and therefore appealable, it must fulfill three conditions laid out in *Mitchell. Id.* at 527. First, it must be "effectively unreviewable on appeal from a final judgment." *Id.* Second, it must "conclusively determine the disputed question." *Id.* (citation omitted). Finally, the question at issue must be a "clai[m] of right separable from, and collateral to, rights asserted in the action." *Id.* (alteration in original) (citation omitted). The appellate court does not have jurisdiction to evaluate factual disputes. *Winfrey v. Pikett*, 872 F.3d 640, 643–44 (5th Cir. 2017).

A decision on qualified immunity can be an appealable final decision, "but only to the extent that the appeal concerns the purely legal question whether the defendants are entitled to qualified immunity on the facts[.]" *Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004) (en banc). Typically, this determination is a decision on "whether the federal right allegedly infringed was clearly established." *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (internal quotation omitted). If the district court declined to rule on qualified immunity when it was so obligated, that may also be considered an appealable final decision. *See Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir. 1986). However, "where the district court refuses to rule on a claim of immunity because it has not been timely presented to the court, *Mitchell* does not provide for appellate jurisdiction." *Hernandez v. Brazoria Cty.*, No. 93-2525, 1994 WL 171620, at \*2

No. 18-30126

(5th Cir. Apr. 26, 1994) (per curiam) (unpublished but precedential); *see also Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990).

## II.

The Appellants filed a Rule 12(b)(6) motion to dismiss that included an assertion of qualified immunity. The Appellants argue that in denying the Rule 12(b)(6) motion, the district court made an appealable final legal decision on qualified immunity. The Appellants base this argument on a statement made by the district court regarding a possible alternative argument that the defendants did not raise in their motion – that the Rule 12(b)(6) motion should instead be considered a Rule 12(c) motion.[3] The district court, in declining to consider the motion under Rule 12(c), stated that "there are material facts in dispute and at this stage of the litigation, the Law Enforcement Defendants are not entitled to a judgment as a matter of law." Based on this statement, the Appellants aver that the district court essentially made a final legal determination that the Appellants were not entitled to qualified immunity. This final legal determination must be appealable, Appellants maintain, because the purpose of qualified immunity is to protect the officers from trial, not only from liability. *Mitchell*, 472 U.S. 511, 526-27.

However, the district court specifically stated that it was making the decision on procedural grounds, rather than legal grounds: "Accordingly, the Law Enforcement Defendants' Rule 12(b)(6) Motion to Dismiss is **DENIED** as untimely." The decision therefore is not based on a legal evaluation of the Appellants' entitlement to qualified immunity. We take the district court at its word and decline to hold that the district court inadvertently made a final legal determination as to whether the Appellants are entitled to qualified immunity.

---

[3] District courts may consider untimely Rule 12(b)(6) motions as Rule 12(c) motions (indeed they are sometimes encouraged to do so). *See Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 576 n.2 (N.D. Tex. 2005).

Accordingly, we note that nothing in the district court's order bars the Appellants from asserting qualified immunity by appropriate, timely procedural vehicle in the future. *See Kiser v. Garrett*, 67 F.3d 1166, 1169 (5th Cir. 1995) ("It would be anomalous to conclude that a defendant waives a qualified immunity defense by dismissing as moot an interlocutory appeal that the defendant was not required to take in the first place.").

## III.

Because the district court's decision on the Rule 12(b)(6) motion was based on timing rather than a substantive legal disposition regarding qualified immunity, this court does not have jurisdiction to consider the appeal at this time. Therefore, we do not find it necessary to consider the alternative arguments presented by the Appellants. We DISMISS this appeal for lack of appellate jurisdiction.