# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 23-20083
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2023

Lyle W. Cayce
Clerk

Avivia Luciana Brown,

*Plaintiff—Appellee*,

*versus*

S. H. Quian, *Officer*; P. T. Rubio, *Officer*,

*Defendants—Appellants*.

—————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-862

—————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:*

The defendants in this interlocutory appeal challenge the district court's denial, in part, of their motion to dismiss Avivia Luciana Brown's 42 U.S.C. § 1983 complaint.  In support of their appeal, the defendants contend that, contrary to the district court's ruling, Brown did not allege facts showing that they violated her constitutional rights, they were entitled

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to qualified immunity, and Brown's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). We have jurisdiction to review these arguments. *See Poole v. City of Shreveport*, 13 F.4th 420, 426 (5th Cir. 2021); *Armstrong v. Ashley*, 918 F.3d 419, 422 (5th Cir. 2019).

Accepting Brown's allegations as true and in a light most favorable to her, *see Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021), the district court did not err in determining that Brown had stated a claim for relief under the Fourth Amendment and that the defendants' alleged actions were objectively unreasonable in light of clearly established law, *see Ramirez v. Martinez*, 716 F.3d 369, 379 (5th Cir. 2013); *Newman v. Guedry*, 703 F.3d 757, 763-64 (5th Cir. 2012); *Spann v. Rainey*, 987 F.2d 1110, 1112, 1115 (5th Cir. 1993). Last, the district court correctly determined that *Heck* has no bearing, given the finding that the prosecutor dismissed the criminal charge against Brown before trial, and the prosecution against Brown in state court ended without a conviction. *See Heck*, 512 U.S. at 486-87.

Accordingly, the district court's ruling is AFFIRMED.