# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2024

Lyle W. Cayce
Clerk

————————

No. 23-30223

————————

Derek Bardell,

*Plaintiff—Appellant*,

*versus*

Jefferson Parish School Board,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-3245

———————————————————————

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

Per Curiam:[*]

Derek Bardell was Dean of Student Services at Martyn Alternative School when he was demoted for inappropriate conduct. He has since unsuccessfully applied for numerous administrative positions. Bardell, a black male over 40 years old, filed suit against Jefferson Parish School Board alleging discrimination regarding the denial of the administrative positions. The district court dismissed some claims as time-barred and granted

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

summary judgment for Jefferson Parish School Board on the remainder. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

Jefferson Parish is located alongside the Mississippi River and New Orleans. Its School Board hired Derek Bardell as Dean of Student Services at Martyn Alternative School in 2007. In 2010, the School Board renewed his employment as Dean of Student Services for two years. In October 2010, Bardell took part in a field trip to Dillard University. Three students and a "para-educator" reported that Bardell opened the students' lunchboxes without permission and swore at a female student when she told him not to open her lunchbox. They also alleged Bardell left students unsupervised during part of the field trip and commented on the anatomy of adult females on campus. The School Board instituted disciplinary proceedings, which resulted in Bardell's termination as Dean of Student Services and demotion to a teaching position at John Ehret High School in December 2010.

Bardell alleges that he has applied to over 80 leadership positions since 2013. He argues he is qualified for these positions because he holds two master's degrees and is working toward a doctoral degree from Vanderbilt University. Bardell asserts the School Board wrongfully refused to promote him and instead hired younger candidates who are not black males. Bardell states that after he complained to the Human Resources Department the School Board retaliated by repeatedly refusing to promote him. Bardell filed a charge with the Equal Employment Opportunity Commission in July 2020, and received his right-to-sue letter on October 8, 2020. He brought this suit on November 30, 2020. The live complaint alleges discrimination (based on age, race, and gender) and retaliation under: Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; the Louisiana Employment Discrimination Law, La. R.S.

§ 23:301 *et seq.*; and 42 U.S.C. § 1981. It also alleges intentional infliction of emotional distress under Louisiana state law and breach of contract.

The district court granted the School Board's motion to dismiss some claims as time-barred. It then granted the School Board's motion for summary judgment on the remaining claims. Bardell timely appealed.

## DISCUSSION

This court reviews a district court's dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). A Rule 12(b)(6) dismissal "is warranted if the complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This court may affirm the district court's dismissal of a claim under Rule 12(b)(6) for any reason supported by the record. *Id.*

This court also gives *de novo* review to a grant of summary judgment. *Union Pac. R.R. Co. v. City of Palestine*, 41 F.4th 696, 703 (5th Cir. 2022). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This court "may affirm a summary judgment on any ground supported by the record." *Liberty Mut. Fire Ins. Co. v. Copart of Conn., Inc.*, 75 F.4th 522, 528 (5th Cir. 2023) (citation omitted).

## I.   *The district court's Rule 12(b)(6) analysis*

Bardell contends the district court should not have even considered the School Board's 12(b)(6) motion because it was untimely filed. Even if untimely filed, we find no error in the district court's consideration of the motion. "District courts may consider untimely Rule 12(b)(6) motions as Rule 12(c) motions (indeed they are sometimes encouraged to do so)." *Armstrong v. Ashley*, 918 F.3d 419, 422 n.3 (5th Cir. 2019).

## II.    *The district court's summary judgment analysis*

### a.    *Timeliness of motion for summary judgment.*

The parties agree that the discovery deadline was November 18, 2022, and that the School Board's motion for summary judgment was filed on December 19, 2022. Bardell argues this fell outside the 30-day window contemplated by Federal Rule of Civil Procedure 56(b), and the district court erred in ruling on the motion. We disagree. Although 30 calendar days after November 18, 2022, was December 18, 2022, the latter date was a Sunday. The School Board was permitted to file its motion on the 19th, a Monday. *See* Fed. R. Civ. P. 6(a)(1)(c).

### b.    *Documents attached to motion for summary judgment.*

The district court granted the School Board's motion for leave to file exhibits in support of its motion for summary judgment after difficulty uploading them alongside the motion itself. We find no error in this decision.

### c.    *Grant of summary judgment based on evidence not produced in discovery.*

Bardell asserts the School Board did not produce his personnel file during discovery, and the district court resultingly erred in granting the motion for summary judgment based on evidence not produced in discovery. Bardell's counsel informed the School Board's counsel that she had acquired a copy of the file and that a subpoena to obtain the file was no longer necessary. We hold that Bardell is estopped from arguing that the district court erred by considering his personnel file. *See Republic of Ecuador v. Connor*, 708 F.3d 651, 654 (5th Cir. 2013). We also cannot accept Bardell's related argument that the School Board's failure to redact the file constitutes reversible error, as no authority has been cited for that proposition.

> d.     *Prescriptive period for Bardell's Section 1981 claims.*

The parties agree that the statute of limitations for Bardell's Section 1981 claim hinges on whether his promotion from teacher to administrator would constitute a "substantial change" in the employer-employee relationship. *See Willis v. Cleco Corp.*, Civ. A. No. 09-2103, 2011 WL 4443312, at \*5–6 (W.D. La. Sept. 22, 2011). If so, a one-year prescriptive period applies; if not, the prescriptive period is four years. The district court held that such a promotion would constitute a substantial change. The move from teacher to administrator requires certain qualifications teachers are not obligated to possess, and carries with it enhanced pay and opportunities for further promotion as well as supervisory responsibilities. *Cf. Police Ass'n ex rel. Cannatella v. City of New Orleans*, 100 F.3d 1159, 1170–71 (5th Cir. 1996). Bardell argues the move is not a substantial change in his case because he never should have been demoted and instead should have remained a dean all along. Re-promotion back to administrator, he argues, is not a substantial change but a return to his rightful position.

Bardell cites no authority to support his stance that promotion back to an employee's rightful position cannot amount to a substantial change in the employer-employee relationship. We conclude that it is a substantial change, and therefore his claim is time-barred.

> e.     *The district court's consideration of the denial of nine positions when evaluating Bardell's discrimination claims.*

The district court considered only discrimination claims after September 22, 2019, treating prior claims as time-barred. Bardell argues the district court should have considered the denial of additional positions dating back to 2016. Because Bardell cannot show a four-year limitations period applied to his Section 1981 claims, this is unpersuasive. He has identified no other positions after 2019 that the district court should have considered in addition to the nine that it did. There is no error.

*f.     Discrimination claims for failure to promote.*

Of the nine positions considered, the district court determined: (1) Bardell failed to make a *prima facie* case of discrimination for six of them; (2) Bardell could make a *prima facie* case of discrimination for two of the remaining positions, but failed to show the School Board's nondiscriminatory reasons for the denial of those positions were pretextual; and (3) even assuming Bardell could make a *prima facie* case for the ninth position, he failed to show the School Board's nondiscriminatory reason for the position's denial was pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). We will consider Bardell's arguments on these positions.

*1.     The executive director and principal positions.*

The district court concluded Bardell could not establish a *prima facie* case of discrimination for the denial of the six principal and executive director positions. The district court relied on the testimony of Laura Rousell, the School Board's Chief Academic Officer of Teaching and Learning. She testified that only applicants with assistant principal experience were considered for principal positions, and that at the time of his applications Bardell had no assistant principal experience. Similarly, only applicants with experience as principals were interviewed for the executive director positions; Bardell was not considered because of his lack of requisite experience.

We must reject Bardell's contention that Rousell could not testify about all six positions. Rousell assumed her role in August 2020, and admittedly disclaimed any knowledge of practices prior to that time. Bardell, though, applied to the six positions at issue here after August 2020.

Bardell also argues that the prior experience requirements were in fact pretext for discrimination because other candidates were hired without such prior experience. We have reviewed the cited portions of the record, and there are only two administrators who may have lacked the prior experience

mentioned by Rousell who were promoted to principal. These promotions, however, occurred before August 2020. Because Rousell disclaimed any knowledge of hiring practices before August 2020, these prior hires do not undercut the School Board's explanation that Bardell lacked the requisite experience during the relevant time period.

Last, Bardell argues that he was qualified for the positions. He relies on, among other things, his 24 years of teaching experience, two master's degrees, work toward a doctoral degree from Vanderbilt University, and time as chair of the Audubon Charter School. Impressive as these credentials are, they are not responsive to Rousell's explanation that within the prescriptive period, assistant principal experience was necessary to be considered for a principal position, and principal experience was necessary to be considered for an executive director position.

> 2. *The 2020 Patrick Taylor assistant principal position, and the 2020 Thomas Jefferson dean of students position.*

The district court concluded that Bardell had made a *prima facie* case of discrimination regarding the denial of two assistant principal positions but that he could not rebut the School Board's legitimate, nondiscriminatory reasons for its hiring decisions. Brent Vollenweider, a white man under the age of 40, was hired for the Patrick F. Taylor Science & Technology Academy assistant principal position. Bardell asserts that Vollenweider did not possess an education leader certification ("EDL-1") and thus was not qualified for the position. The School Board introduced evidence, however, that Vollenweider possessed an EDL-1. Even assuming it had expired at the time of his hiring, as Bardell suggests, this attack on Vollenweider's qualifications is insufficient for us to conclude the hiring decision was discriminatory. *Cf. Price v. Fed. Express Corp.*, 283 F.3d 715, 721–22 (5th Cir. 2002). As to the 2020 Thomas Jefferson High School dean of students position, Bardell has failed to brief an argument on appeal as to why the non-hire was discriminatory.

The issue is forfeited. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

### 3.    The 2022 assistant principal pool "position."

Bardell applied to an assistant principal pool and was interviewed. All applicants who attained a minimum score on the interview made it into the pool, from which they were eligible to apply to assistant principal roles under the School Board's purview. Bardell was not selected for the pool after failing to earn the necessary score. The district court held that even assuming Bardell could make a *prima facie* case of discrimination for the denial of entry to this pool, his failure to attain the minimum score was a legitimate, nondiscriminatory reason for the denial. Bardell asserts this minimum score explanation was pretextual because certain employees were given administrative roles without obtaining the requisite score. Based on our review of the record, however, the individuals cited by Bardell were in administrative roles before applying to the pool position and scoring poorly. We find no evidence that these individuals scored below the minimum and were still placed in the pool. Bardell has failed to meet his burden to show that the School Board's nondiscriminatory explanation was pretextual. *See Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902–03 (5th Cir. 2000).

### g.    Bardell's retaliation claim.

Bardell argues that he engaged in activity protected by Title VII and the School Board retaliated by denying him promotions shortly after the protected activity. We need not decide whether Bardell engaged in any protected activity. Bardell asserts that the close temporal proximity between the protected activity and the denials of promotion is sufficient to establish retaliation. Temporal proximity alone may establish a *prima facie* case of retaliation, but this court has "affirmatively rejected[ed] the notion that temporal proximity standing alone can be sufficient proof of but for causation." *Strong*

*v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007). As Bardell is unable to show but-for causation, his retaliation claim fails. *See id.* at 808–09.

  h.  *Bardell's Title VII hostile work environment claim.*

  Bardell concedes that "no derogatory comments were made regarding his race." He instead infers the School Board's discriminatory intent by alleging that the School Board coerced a teacher to lie about his conduct on the field trip and then promoted other individuals instead of him. The district court found that, even assuming the School Board coerced a teacher to lie about his conduct, Bardell offered no evidence that the alleged coercion was motivated by race, gender, or age. Bardell also has offered no legal authority to support his argument that the denial of promotions can suffice to meet "this circuit's fairly high standard" to support a hostile work environment claim. *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 236 (5th Cir. 2001). We agree with a panel of this court that "[d]enials of promotions, although considered adverse employment actions sufficient to support a Title VII claim for retaliation, are not offensive or harassing in the way necessary to support a hostile work environment claim." *Montgomery-Smith v. George*, 810 F. App'x 252, 259 (5th Cir. 2020). We adopt that reasoning here, where Bardell has offered no evidence the denials of promotion were otherwise wrongful.

  i.  *Bardell's Title VII disparate impact claim.*

  A plaintiff must "isolate and identify the *specific* employment practices that are allegedly responsible for any . . . [racial] disparities" when asserting a disparate impact claim. *Meacham v. Knolls Atomic Power Lab'y*, 554 U.S. 84, 100 (2008) (emphasis in original) (citation omitted). Bardell tries to satisfy this requirement by relying on the School Board's "not putting [black] males in a dean position to obtain the skills they need to be promoted at the

rate of other race and sex groups." To the extent Bardell claims this is the *result* of the School Board's hiring practices, he has not met his burden to identify the underlying practice itself. To the extent he claims that not hiring black males *is* a School Board policy, he has introduced no evidence to that end. Even if there were such evidence, it would not properly support a disparate impact claim, which "focus[es] on facially neutral employment practices that create . . . statistical disparities" between racial groups. *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000). The district court correctly concluded that Bardell could not meet his obligation to specify an "identifiable, facially neutral personnel policy or practice." *McClain v. Lufkin Indus.*, 519 F.3d 264, 275 (5th Cir. 2008).

### *j.    Bardell's breach of contract claim.*

Bardell argues the School Board breached its employment contract with him by failing to provide the same pay after his demotion from dean to teacher.[1] He asserts "[t]he employment contract states in paragraph VIII(B) that if the Assignee, *i.e.*, Appellant is removed for cause, he must continue to receive the same pay."

We interpret the contract language differently. Paragraph VIII(B) states that if the employee is "removed for cause from [the] position covered hereunder, then he/she will be returned to the last position in which he/she has acquired tenure or to one paying at least the same salary as that position." This means that Bardell was entitled to return to the position in which he held tenure immediately prior to becoming dean, or one paying the same salary as that prior position — not to one paying the same amount as the position

---

[1] Bardell had also argued before the district court that the School Board breached his employment contract by failing to remove derogatory information from his personnel file. He has forfeited this argument by failing to brief it on appeal. *See Rollins*, 8 F.4th at 397 n.1.

from which he had been removed. We apply the canon of construction here that "[a] pronoun, relative pronoun, or demonstrative adjective generally refers to the nearest reasonable antecedent." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 144 (2012); *see Perez v. Irby Constr.*, 290 So. 3d 1149, 1165 (La. App. 3 Cir. 1/29/20) (applying the last-antecedent canon). Bardell does not dispute that after his removal as a dean, he returned as a teacher, the last position in which he had acquired tenure. His related argument that the removal was "not for cause because proper channel and procedure were not followed" is belied by the fact that his signature appears on the mutual consent form returning him to the role of teacher.

*k.     Bardell's IIED claim.*

Although Bardell references his intentional infliction of emotional distress claim in his statement of the issues presented, he has forfeited this claim by failing to provide supporting argument on appeal. *See Rollins*, 8 F.4th at 397 & n.1.

AFFIRMED.