# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60323

———————

Steve Morales,

*Plaintiff—Appellee*,

*versus*

Colin Ladner, *Deputy Sheriff (H#70) in his Official and Individual Capacity*,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:23-CV-205

———————————————————

Before Smith, Clement, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Steve Morales alleges he was walking alongside a road one night in Hancock County, Mississippi, when Deputy Colin Ladner stopped him for no reason and later arrested him for public intoxication. Morales sued Ladner for violating his rights under the Fourth and Fourteenth Amendments. Invoking qualified immunity, Ladner moved for judgment on the pleadings.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60323

The district court denied the motion, ruling there were disputed questions of material fact concerning the stop and ordering limited discovery. Ladner filed this interlocutory appeal. We have jurisdiction "to the extent that [the appeal] turns on an issue of law," *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), but we do "not have jurisdiction to evaluate factual disputes." *Armstrong v. Ashley*, 918 F.3d 419, 422 (5th Cir. 2019).

On appeal, Ladner argues he did not stop Morales within the meaning of the Fourth Amendment but only questioned him for his own safety. And even if he did stop Morales, Ladner argues he had reasonable suspicion to do so because he saw Morales "staggering" as he walked. *See Terry v. Ohio*, 392 U.S. 1 (1968).

We lack jurisdiction to decide whether Ladner is entitled to qualified immunity at this stage of the proceedings. *See Ramirez v. Escajeda*, 921 F.3d 497, 501 (5th Cir. 2019). As the district court aptly described in its oral ruling, Ladner's arguments all turn on disputed facts, such as where exactly Morales was walking along the road and whether Morales was in fact "staggering." And while Ladner's body camera video (which is referred to in the complaint) captured much of the interaction, all agree the video does not show whether Morales was staggering as he walked, as Ladner claims and Morales' complaint denies.

APPEAL DISMISSED.

2