# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2026

Lyle W. Cayce
Clerk

No. 25-40616

―――――――――

Patrica Anna Wertenbroch; Kulwant Singh Atwal,

*Plaintiffs—Appellees*,

*versus*

Clint Hardeman, *City Manager, City of Pittsburg, Texas*,

*Defendant—Appellant*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:24-CV-1075

―――――――――――――――――――――――――

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.
Edith Brown Clement, *Circuit Judge*:

Does an appellate court have jurisdiction under the collateral-order doctrine to review a district court order that denies a Rule 12(b)(6) motion for failure to state a claim—the substantive basis of the disposition—but does not expressly address or resolve a defendant's qualified immunity defense?

I

Plaintiffs-Appellees Patricia Anna Wertenbroch and Kulwant Singh Atwal brought this civil rights action under 42 U.S.C. § 1983 against Defendant-Appellant Clint Hardeman, in his individual and official capacity

as City Manager for the City of Pittsburg, Texas. Plaintiffs allege that the City Manager's Office racially discriminated against them in violation of the Equal Protection Clause of the Fourteenth Amendment by failing to investigate reported crimes on their properties, listing their properties on the market without their consent, and unequally enforcing the city code against them.

Hardeman moved to dismiss under Rule 12(b)(6), asserting that Plaintiffs (1) failed to state a plausible equal protection claim, (2) were barred from asserting their claim against the Camp County Central Appraisal District, (3) failed to assert a viable *Monell* claim against the City of Pittsburg, (4) failed to plead any personal involvement by Hardeman in his individual capacity, and (5) failed to plead any facts that would plausibly deny Hardeman qualified immunity. The motion to dismiss was referred to a magistrate judge, who issued a report and recommendation ("R&R") that offered only the following reasoning:

> After a careful review of the complaint and Plaintiffs' response . . ., the Court finds that the Motion should be DENIED. The Court finds that the allegations in the complaint along with all inferences taken in favor of Plaintiffs—while undoubtedly thin—make out a plausible claim for an equal protection violation under the Fourteenth Amendment.

The magistrate judge did not address Hardeman's qualified immunity defense in his R&R.

Hardeman timely objected to the R&R, raising the magistrate judge's "failure to rule on his qualified immunity defense" as the first of six objections. The district court overruled his objections and adopted the R&R. That order, too, never mentioned qualified immunity.

Hardeman timely appealed.

No. 25-40616

## II

Although the parties have not questioned our jurisdiction to review this interlocutory appeal, we have a "special obligation" to independently ensure that we have authority to review this appeal. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

## III

"Jurisdiction is always first." *Arulnathy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021) (cleaned up). Generally, we have jurisdiction to review only "final decisions" of the district courts. 28 U.S.C. § 1291. "A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 448 (5th Cir. 2019). Yet we may also review under the collateral-order doctrine appeals before entry of final judgment. *In re Deepwater Horizon*, 793 F.3d 479, 483 (5th Cir. 2015). "The collateral-order doctrine is an atextual exception to the longstanding final-judgment rule embodied in 28 U.S.C. § 1291." *Heidi Grp., Inc. v. Texas Health & Hum. Servs. Comm'n*, 138 F.4th 920, 928 n.5 (5th Cir. 2025). Under this doctrine, we have jurisdiction over a "small class" of interlocutory orders that (1) "conclusively determine the disputed question," (2) "involve a claim of right separable from, and collateral to, rights asserted in the action," and (3) are "effectively unreviewable on appeal from a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 524, 526–27 (1985) (cleaned up). Such appeals "are the exception, not the rule." *Johnson v. Jones*, 515 U.S. 304, 309 (1995).

A district court's denial of qualified immunity to public officials, "to the extent that it turns on an issue of law," falls within the ambit of a "final decision" under § 1291 "notwithstanding the absence of a final judgment." *Mitchell*, 472 U.S. at 530. That is because it "is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237

3

(2009) (cleaned up); *see also Mitchell,* 472 U.S. at 525 ("[T]he denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action."). Because immunity presents "threshold questions," it must be "resolved as early in the proceedings as possible." *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994) (citing *Siegert v. Gilley,* 500 U.S. 226, 231–33 (1991)). Typically, qualified immunity hinges on "whether the federal right allegedly infringed was 'clearly established.'" *Behrens v. Pelletier,* 516 U.S. 299, 313 (1996) (citation omitted). Yet if the district court expressly "declined to rule on qualified immunity when it was so obligated, that may also be considered an appealable final decision." *Armstrong v. Ashley,* 918 F.3d 419, 422 (5th Cir. 2019) (citing *Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam)).

In *Helton,* after the defendants asserted qualified immunity in a motion to dismiss, the district court issued an order expressly notifying that it would *not rule* on any pending motions before trial. 787 F.2d at 1017. On appeal, we considered "whether an order which declines or refuses to rule on a motion to dismiss based on the defense of governmental immunity is an immediately appealable order." *Id.* Relying on the *Mitchell* conditions, we held that the court's order was immediately appealable because an order that "declines or refuses" to rule on qualified immunity is functionally equivalent to a denial of qualified immunity: "In both cases a defendant's entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters is effectively lost if the case erroneously goes to trial." *Id.; see also Backe v. LeBlanc,* 691 F.3d 645, 647 (5th Cir. 2012) (holding that the district court's express refusal to rule on the defendant's qualified immunity defense "pending general discovery" was immediately appealable).

We have since declined to apply *Helton* to cases where the district court did not expressly refuse to rule on qualified immunity but instead stated

that a qualified immunity ruling was under advisement or pending resolution based on an anticipated amended complaint. *See, e.g.*, *Meza v. Livingston*, 537 F.3d 364, 367 (5th Cir. 2008) (did not apply to a qualified immunity defense "under advisement"); *Wooten v. Roach*, 964 F.3d 395, 406 (5th Cir. 2020) (did not apply because of an anticipated amended complaint). In *Meza*, the defendants moved to dismiss and for summary judgment based on Eleventh Amendment immunity. 537 F.3d at 365. The district court denied the motions to dismiss as duplicative of the summary judgment motion, which it referred to a magistrate judge. *Id.* At a later hearing, the district court stated that the summary judgment motion was "under advisement." *Id.* at 367. On appeal, we declined to extend *Helton*'s "narrow holding" because the district court did not expressly refuse to rule on qualified immunity. *Id.* Similarly, in *Wooten*, we declined to extend *Helton* because the district court awaited ruling on qualified immunity given the prospect of an amended complaint. *Id.* at 406. In both cases, the district court did not expressly refuse to address qualified immunity. Thus, since the first and second conditions in *Mitchell* were not present, the district court orders were not immediately appealable.

This case falls outside of *Helton* and its progeny's narrow holding. At bottom, the district court did not *expressly* refuse to rule on Hardeman's qualified immunity defense. Nowhere in his three-page R&R did the magistrate judge mention qualified immunity, cite a case explaining its doctrinal contours, or analyze Hardeman's arguments as to that defense. The magistrate judge apportioned a paragraph at the end of the R&R, where he generally concluded that "the allegations in the complaint along with all references taken in favor of Plaintiffs—while undoubtedly thin—make out a plausible claim for an equal protection violation under the Fourteenth Amendment." In determining whether a defendant is entitled to qualified immunity, courts ask: "(1) was a statutory or constitutional right violated on the facts alleged; and (2) did the defendant's actions violate clearly

established statutory or constitutional rights of which a reasonable person would have known." *Tucker v. City of Shreveport*, 998 F.3d 165, 172 (5th Cir. 2021). These steps may be evaluated in any order, and Hardeman is entitled to qualified immunity if the Plaintiffs fail at either one. *Pearson*, 555 U.S. at 242. The magistrate judge in this case, at most, engaged in step one of the qualified immunity analysis, concluding that Plaintiffs plausibly alleged a Fourteenth Amendment equal protection claim. But the magistrate judge never analyzed whether Plaintiffs rights were clearly established. Nor did he affirmatively conclude that he was denying qualified immunity to Hardeman.

But *Meza* and *Wooten* do not fit, either. In *Meza*, the issue was "under advisement." 537 F.3d at 367. Similarly, in *Wooten*, the issue was pending resolution based on the anticipated amended complaint. 964 F.3d at 406. There is nothing in the record to that effect here. Instead, there is silence.

Typically, judicial guesswork is incompatible with our limited jurisdiction, which requires a clear basis for our "power to act." *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995). "The filing of a notice of appeal is an event of jurisdictional significance" because "it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Thus, it remains "essential to have clear rules that define who . . . possesses this power." *Kusay*, 62 F.3d at 194. Clear guidance helps appellate courts in discerning jurisdiction.

*Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), provides the necessary guidance. There, we reviewed an interlocutory appeal from a district court's standard scheduling order that provided that pending motions to dismiss based on qualified immunity were denied without prejudice. *Id.* at 309. Defendants were instead required to raise qualified immunity in their answer. *Id.* The district court further postponed ruling on qualified immunity until

summary judgment. *Id.* at 310. Because qualified immunity is an immunity from suit, we held that we had jurisdiction "because the district court refused to rule on qualified immunity 'at the earliest possible stage of litigation.'" *Id.* at 310 (quoting *Wicks v. Miss. State Emp. Serv.*, 41 F.3d 991, 994 (5th Cir. 1995)). We emphasized that qualified immunity need not "be made once-and-for-all at the motion-to-dismiss stage." *Id.* at 312. Rather, "where the pleadings are insufficient to overcome" qualified immunity, "the district court *must* grant the motion to dismiss without the benefit of pre-dismissal discovery." *Id.* Inversely true, "where the pleadings are sufficient to overcome" qualified immunity, "the district court *must* deny the motion to dismiss without the benefit of pre-dismissal discovery." *Id.* Further, if qualified immunity is denied because there is a need for clarification of the facts, the district court may upon motion order limited discovery that is "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* at 311 (cleaned up). Whatever the circumstance, the district court *must* rule on qualified immunity at the earliest possible stage.

*Carswell* is a product of *Helton*'s progeny that required an express refusal to rule on qualified immunity early in stages of litigation. In *Carswell*, the district court adopted a standard order that expressly postponed adjudication of qualified immunity until the answer, and then the district court refused to rule on the defense until summary judgment. Here, by contrast, the district court did not expressly refuse to rule on the defense, so *Helton* and *Carswell* are distinguishable. Moreover, the district court did not expressly indicate that qualified immunity was unresolved, so *Meza* and *Wooten*, too, are inapt. Thus, we are left in limbo without a case on point.

But we are not left without a principle to guide us out of the morass. *Carswell* instructs that, when the motion-to-dismiss stage is the "earliest possible stage in litigation" at which qualified immunity could be adjudicated, a district court is *required* to rule on the motion. 54 F.4th at 313.

No. 25-40616

Here, Hardeman raised qualified immunity in his Rule 12(b)(6) motion, so the district court was required to rule on that motion. So while we are left guessing about the district court's intentions as to qualified immunity in this case, we can conclude that, based on the earliest-possible-litigation principle in *Carswell*, Hardeman was entitled to a ruling on his defense at this stage.

At bottom, the district court's order denying Hardeman's Rule 12(b)(6) motion had the practical effect of allowing litigation to continue apace without timely adjudicating Hardeman's clearly asserted qualified immunity defense, which was properly presented before the court. Because the district court permitted the litigation to proceed without first resolving Hardeman's defense, its order had the same denial effect as the refusals in *Helton* and *Carswell*, even though qualified immunity was never expressly decided here. Today, we treat this order as an *implicit* denial of qualified immunity that is immediately appealable under the collateral-order doctrine.[1]

We therefore hold that when a district court allows litigation to proceed without adjudicating a qualified immunity defense at the earliest possible stage of litigation, the resulting order is immediately appealable, even if the district court does not expressly address qualified immunity in its order. Our decision today is buttressed by the animating policy that,

---

[1] We are not alone in this conclusion. The Third and Tenth Circuits have both determined that jurisdiction exists over comparable orders. *See, e.g., Sebastiani v. Westmoreland Cnty.*, No. 25-1106, 2026 WL 263481, at *1 (3d Cir. Feb. 2, 2026) (unpublished) ("An 'implicit denial' of qualified immunity is sufficient to confer interlocutory jurisdiction." (citing *In re Montgomery Cnty.*, 215 F.3d 367, 374 (3d Cir. 2000)); *Ellis v. Salt Lake City Corp.*, 147 F.4th 1206, 1220 (10th Cir. 2025) (recognizing that the appellate court "will usually have jurisdiction over the interlocutory appeal . . . when a defendant 'explicitly raised the defense' of qualified immunity before the district court but the district court fails to expressly decide the qualified immunity question, because we consider the district court's silence to 'operate as an implicit denial' of qualified immunity." (quoting *Montoya v. Vigil*, 898 F.3d 1056, 1063–64 (10th Cir. 2018)).

No. 25-40616

"[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*." *Mitchell*, 472 U.S. at 526 (emphasis added); *Pearson*, 555 U.S. at 231 (explaining that "the driving force" behind qualified immunity is a "desire to ensure that insubstantial claims against officials will be resolved prior to discovery" (cleaned up)).

## IV

Because the district court did not address qualified immunity at the earliest possible stage in the litigation, we VACATE the district court's order and REMAND for further proceedings consistent with this opinion.